IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No.:  20-cv-3464

**BRETT STRAUSS,**

    Plaintiff,

v.

**OFFICER NICHOLAS STEELE, in his individual capacity,**
**OFFICER CHRISTOPHER YARBOROUGH, in his individual capacity,**

    Defendants.

## VERIFIED COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Brett Strauss, by and through his counsel, Baumgartner Law, L.L.C., and respectfully submits this Complaint against the Defendants and allege the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.

2. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 USC §1391(b) because the Defendants are citizens and residents of Colorado, and the events, acts and/or omissions giving rise to this action occurred in Colorado.

### PARTIES

3. Plaintiff Brett Strauss (hereinafter, "Strauss") is and was at all relevant times a citizen of the State of Colorado.

4. Defendant officer Nicholas Steele is or was at all times relevant a citizen of the state of Colorado and employed by the Aurora Police Department.

5. Defendant officer Christopher Yarborough is or was at all times relevant a citizen of the state of Colorado and employed by the Aurora Police Department.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

7. On November 25, 2018 defendant Nicholas Steele (hereinafter "Steele") and police officer Christopher Yarborough (hereinafter "Yarborough") were in pursuit of a 2012 Toyota Highlander that had been reported stolen.

8. Steele and Yarborough were using a 'Star-Chase" GPS tracker that had been deployed onto the Highlander in order to follow it and detain the driver.

9. Eventually, Steele and Yarborough caught up to the Highlander that had pulled into a business park parking lot around the area of 52nd Avenue and Marshall Street in Arvada.

10. Steele and Yarborough saw the plaintiff Brett Strauss exit the Highlander and flee on foot away from the two officers. Steele and Yarborough gave chase but failed to yell out any orders for Strauss to stop running.

11. After only a few seconds into the chase Steele deploys his taser and hits Strauss in his back.

12. Strauss screams in pain and immediately falls to the ground, completely incapacitated by the taser. While on the ground Strauss is not able to voluntarily move due to the taser being deployed and sending electric shocks through his body.

13. About two seconds after falling to the ground Steele and Yarborough jump on top of Strauss. At no point is Strauss resisting the officers or moving his body voluntarily.

14. *BEFORE* giving any warnings or commands Steele and Yarborough, while on Strauss' back, begin throwing punches and delivering knee strikes. The taser in Strauss' back is still active and delivering electric shocks while he is being punched and kneed.

15. Specifically, Steele and Yarborough punch Strauss in his face multiple times, deliver knees to his shoulders, kidneys, and buttock and slammed his face into the ground.

16. *AFTER* Steele and Yarborough began their illegal beating of Strauss they began to yell out false commands such as "show me your hands" and "give me your hands." Steele and

Yarbrough already had control of Strauss' hands, and Strauss did not physically resist their physical control, when they began yelling out the aforementioned false commands. This is a common tactic employed by police officers around the country; when officers know they are engaging in an illegal assault of a citizen they are conditioned through informal training to yell out fake command such as "show me your hands" and "stop resisting" in order to provide an audio justification for their unlawful behavior.

    a. Police officers know that their command staff, prosecutors and judges will always be inclined to give them the benefit of the doubt and believe these false commands are legitimate and thus escape discipline.

17. The illegal beating of Strauss was so bad that police officers used what appears to be a doctored photograph in order to hide the damage inflicted.





18. After being arrested and taken to the jail Strauss was required to wear an adult diaper because of all the blood seeping from his rectum.
19. For about six weeks after the illegal beating by Steele and Yarborough Strauss experienced significant pain with every breath he took.
20. The damage done by Steele and Yarborough was never documented correctly.  During the illegal beating of Strauss his ear had partially detached from his head, multiple teeth were loosened causing four to eventually fell out, and surgery was required to repair a prior surgery procedure that had reopened due to the blunt force trauma caused by the knees officers delivered to his back and buttock.

## CLAIMS FOR RELIEF
## CLAIMS UNDER FEDERAL LAW, 42 U.S.C. §1983

21. Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

22. The Fourth Amendment of the U.S. Constitution prohibits unreasonable or excessive use of force in connection with searches and seizures. While detaining, restraining, and/or arresting a person, the Fourth Amendment protections only allow police officers and deputies to use the amount of force that is reasonably necessary under the circumstances.

## FIRST CLAIM FOR RELIEF
### Violation of the Fourth Amendment of the United States Constitution
### Excessive Force
### (By Plaintiff Brett Strauss Against All Defendants)

23. Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

24. A "seizure" for purposes of the Fourth Amendment to the U.S. Constitution occurs when an officer intentionally restrains the freedom of a person to simply walk away. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

25. The law in the 10th Circuit is clearly established: police officers using force on an effectively subdued individual that is not actively resisting violates the Fourth Amendment. *McCoy v. Meyers*, 887 F.3d 1034, 1052 (2018).

26. It is unconstitutional for police officers to punch suspects after a chase has ended and the individual being arrested is compliant/non-resistant at the moment of arrest. *Osterhout v. Morgan*, 763 Fed.Appx. 757 (10th Cir.2019).

27. Once Strauss was hit with the taser and fell to the ground he was no longer fleeing from police. Furthermore, Strauss, while laying on the ground after being tased was effectively subdued as though fully arrested and in hand cuffs because he could not move voluntarily due to the electric shocks going through is body.

28. Steele and Yarbrough began punching and kneeing Strauss after he had fallen to the ground, before a command of any kind was issued, and was still being shocked by the taser in his back.

29. Steele's taser was more than enough force to stop Strauss and subdue him for an arrest. The punching and kneeing of Strauss was completely unnecessary because the blows were being delivered before giving any commands for compliance were given.
30. It is, and no jury could find otherwise, objectively unreasonable for police officers to punch, knee and slam a person's head into the ground before any commands for compliance are given.
31. It is, and no jury could find otherwise, objectively unreasonable for police officers to continue beating a person after they have full control of a suspects' hands for the purposes of the arrest and the arrestee is not offering any physical resistance.
32. Given the totality of the circumstances faced by Steele and Yarbrough once the deployment of a taser was seen to be effective all other violence became unnecessary and unreasonable.
33. No reasonable officer could possibly believe that it is reasonable to punch, knee and slam a person's head into the ground when they are not disobeying commands and are not offering physical resistance.
34. The beating of Strauss by Steele and Yarbrough were motivated by an intent to harm because their actions can only be described as malicious, intentional and willful.
35. The conduct of Steele and Yarbrough is a violation of clearly established rights afforded to Strauss as a United States and Colorado citizen.
36. The beating of Strauss by Steele and Yarbrough is the legal and proximate cause of his injuries.
37. As a direct result of the unlawful actions described above Strauss has and continues to suffer actual physical, emotional, economic and non-economic injuries.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor against Defendants and award her all relief as allowed by law and equity including but not limited to the following:

a. Actual economic damages as established at trial;
b. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses physical and mental pain, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, and other non-pecuniary losses;

c.  Punitive damages for all claims as allowed by law in an amount to be determined at trial

d.  Declaratory relief and injunctive relief as appropriate;

e.  Appropriate equitable relief;

f.  Pre-judgment and post-judgment interest at the highest lawful rate;

g.  Attorney's fees and costs; and

h.  Such further relief as justice requires.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

Dated this 16th day of November, 2020.

Respectfully submitted,
BAUMGARTNER LAW, L.L.C.
*Original signature on file at Baumgartner Law, L.L.C.*

 s/ S. Birk Baumgartner
S. Birk Baumgartner, #47829
Baumgartner Law, LLC
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113
Phone: (720) 626-9418
Fax: (720) 634-1018
Íbirk@baumgartnerlaw.com


 s/ Matthew J. Greife
Matthew J. Greife, #43487
Baumgartner Law, LLC
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113
Phone: (720) 626-9418
Fax: (720) 634-1018
matt@baumgartnerlaw.com


Plaintiff's Address:
c/o Baumgartner Law, L.L.C.
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113

# VERIFICATION

I, Brett Strauss do swear and affirm that the statements given in this Verified Complaint are true and correct to the best of my informaitn and belief.

Brett Strauss

SUBSCRIBED AND SWORN TO before me Brett Strauss on the 16th day of November, 2020 to certify my hand and seal of office.

Name: _____

Notary Public – State of Colorado

My Commission Expires on: 09/28/2024

JUSTIN CURTIS EISENBEISS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204033705
MY COMMISSION EXPIRES 09-28-2024