IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03464-DDD-MEH

BRETT STRAUSS,

    Plaintiff,

v.

NICHOLAS STEELE, Officer, in his individual capacity, and
CHRISTOPHER YARBOROUGH, Officer, in his individual capacity,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

This matter comes before the Court arising from Plaintiff's repeated failure to engage in the prosecution of this civil lawsuit. The Court believes the only appropriate remedy for Plaintiff's conduct is dismissal of the case. In doing so, the Court also recommends granting Defendants' Joint Motion for Sanctions and Dismissal. ECF 105.

## BACKGROUND

Plaintiff filed this case on November 23, 2020, represented by counsel. ECF 1. Plaintiff's claim concerns a police pursuit of a stolen vehicle driven by Plaintiff. As Plaintiff himself alleges, he stopped the car and fled from police on foot. *Id.* ¶ 10. Police chased Plaintiff, apprehended him, and tased him. *Id.* ¶ 11. He brings one claim for excessive force in violation of the Fourth Amendment.

I held a scheduling conference on April 8, 2021, setting a discovery deadline for December 3, 2021. I extended that deadline at the request of the parties on September 24, 2021, ECF 34,

setting February 1, 2022 as the new discovery deadline. Shortly thereafter, on October 7, 2021, Plaintiff's counsel withdrew from the case. ECF 35. Thus began the odyssey of the Court's involvement in attempting to require Plaintiff to meet his obligations. Plaintiff immediately moved to stay the litigation to permit him to obtain new counsel, which I granted. ECF 41. He asked for additional time after that, which I granted. ECF 44. Because of these delays, at the request of the parties, I again extended the discovery deadline, this time to May 2, 2022. ECF 48.

Thereafter, I engaged in a series of discovery conferences to address Defendants' allegations that Plaintiff was not responding to discovery. For the first conference on March 24, 2022 (lasting over an hour), Plaintiff requested to appear remotely, which I granted. ECF 54. At that conference, I ordered Plaintiff to respond to discovery and execute releases for records. ECF 55. Sensing that this was becoming a difficult case, I vacated all deadlines and set a status conference to revisit the deadlines. *Id.* Around this time, Plaintiff began the practice of emailing chambers directly about his issues. On April 15, 2022, I ordered that "Plaintiff shall not communicate directly with Chambers." ECF 57. Indeed, the docket contains multiple entries with this *clear* instruction. ECF 56, 60, 96. To this very day, Plaintiff has violated that order multiple times. I also directed Plaintiff to must maintain accurate contact information with the Clerk of the Court. *Id.* He violated that order as well. Indeed, numerous mailings by this Court have been returned undeliverable. ECF 61, 62, 63, 64, 65, 69, 71, 103, 104.

On May 11, 2022, Defendants filed a status report outlining the deficiencies in Plaintiff's responses to discovery. ECF 72. Defendants filed another status report on June 7, 2022 reiterating Plaintiff's failure to fully respond to discovery. ECF 82. I held another discovery conference on June 13, 2022 (lasting nearly an hour and a half). Plaintiff and defense counsel were required to be in person at that conference. Plaintiff failed to appear; rather, he telephoned in. Although I asked

him why he had not appeared in court, he never gave a complete answer. ECF 94 at 2-5. Among other things, at that conference I ordered Plaintiff to appear in person in my courtroom for his deposition. *Id.* 43:7-9. When he sought permission to appear remotely, again I denied it and ordered him to appear in my courtroom. *Id.* 63:2-7. I also had to address his inappropriate demeanor. *Id.* 10:10-17. Further, I *again* ordered him to comply with his discovery obligations. Finally, because of the difficulties the parties were having in communicating, I ordered them to meet by telephone, record the meeting, transcribe all agreements, and have Plaintiff sign it: "I know it's kind of unique, talk to him on a recorded line, type up what he says, get him to sign it. If you prove to me that he won't sign something that he said, I will sanction him." *Id.* 27:8-11. Plaintiff has never complied with this Order.

Persisting in his obstreperousness, I had to hold another discovery conference on July 14, 2022 (lasting more than an hour and a half). As the minutes of that conference note, I conducted a "[d]iscussion . . . regarding the discovery responses the Plaintiff agreed to provide the Defendants by July 5, 2022, at the [parties'] June 21, 2022, video recorded discovery meeting. The Plaintiff has failed to provide any of said documents discussed on the record." ECF 95. Among other things, I ordered his in-courtroom deposition to occur on July 21, 2022. *Id.* The parties later agreed to change this date to August 31, 2022. I *again* ordered him to comply with Defendants' discovery requests. *Id.* To date, to my knowledge, Plaintiff has failed to respond to discovery that is now eight months old. Moreover, numerous times Plaintiff (again appearing by telephone) attempted to dominate the conference and interrupted me numerous times. I was compelled to warn him, "Mr. Strauss, I will interrupt you anytime I want to, and I'm going to cut the phone off if you try to stop me. You're going to respect [the Court]." ECF 101 at 16:1-3.

The final straws in Plaintiff's misconduct involve, first, his failure to comply with my Order directing he respond to Defendants' Joint Motion for Sanctions and Dismissal, ECF 105, on or before August 26, 2022. ECF 107. Plaintiff violated this Order and has filed no response to date. Second, on August 31, 2022, Plaintiff failed to show up for his deposition in my courtroom. I had vacated all my settings for today, August 31, 2022 and tomorrow, September 1, 2022, so that his and the Defendants' depositions could occur in my courtroom. I went on the record at 9:15 a.m. concerning Plaintiff's failure to appear. Multiple defense counsel, one Defendant (Yarborough), and the court reporter were present, anticipating the deposition. My courtroom deputy (CRD) Christopher Thompson stated into the record that he called Plaintiff this morning, the phone rang, someone picked it up, but no voice responded. My CRD asked for Plaintiff, and again, no one responded. My CRD hung up, redialed, but the call when straight to voicemail. My CRD called again, again it went straight to voicemail, and my CRD left Plaintiff a message asking him to call chambers and providing him the information to do so. Wanting to give Plaintiff every opportunity, my CRD waited approximately fifteen minutes, called *again* at 9:01 a.m. (one minute after the deposition was scheduled to begin), someone picked up the phone but again did not respond.

Plaintiff received clear and consistent instructions to appear in person for the depositions at the scheduled times. In their Supplement (ECF 109), Defendants detail their efforts to communicate (and confirm) deposition plans to him. No communication from Defendants or the Court should have caused Plaintiff to believe that he no longer was required to be present in the courtroom on the morning of August 31, 2022.

On the record I sanctioned Plaintiff for his failure to appear, awarding Defendants their reasonable fees and costs for the deposition preparation and appearance. I will note that Plaintiff

has violated several clear and unambiguous orders of this Court and could be held in contempt for doing so. However, the recommendation herein is sufficient to uphold the authority of the Court.

## DISCUSSION

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or comply with a court order. *Id.*; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), a court should consider five factors before dismissing claims under Rule 41(b):

1. "the degree of actual prejudice to the defendant,"

2. "the amount of interference with the judicial process,"

3. "the culpability of the litigant,"

4. "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and

5. "the efficacy of lesser sanctions."

*Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

As applied here, Defendants have been significantly prejudiced. These are public officials (police officers), and the actions of Plaintiff has cost the taxpayers tens of thousands of dollars.

5

Further, as Defendants have repeatedly argued, they have been thwarted in their ability to defend this litigation by Plaintiff's failure to provide even basic discovery responses.

Next, the Court finds overwhelming interference with the judicial process. With a very busy docket and several vacancies on this Court, each judicial officer has been required to assume more work than normal (and normal for this District is already extremely busy). I have spent many hours trying to persuade (and, indeed, order) Plaintiff to meet his obligations. I also set aside two entire days in my courtroom to accommodate the needs of this case, at significant interference with my ability to assist other cases. I am exasperated and can tolerate disrespect of the federal courts no longer.

Further, Plaintiff's culpability is evident: despite the Court's orders requiring him to respond to Defendant's filings and this Court's orders, he has not done so. This Court should not have to continually plead with Plaintiff to meet the obligations of his own lawsuit. He has cavalierly approached this case, treating as optional his responsibility to prosecute it. The Court has warned Plaintiff numerous times, ordered him to engage in various tasks, that if he failed to respond, dismissal may be necessary. *E.g.*, ECF 101 at 15:9-14 ("So I think I ordered you before. You have to execute those releases. If you don't, Mr. Strauss, we're done today, and I'm going to . . . walk off the bench and recommend dismissal of your case.") (July 14, 2022).

Given his repeated intransigency, no sanction short of dismissal would be effective. The *Ehrenhaus* factors clearly require dismissal of Plaintiff's claims *with* prejudice, recognizing it is a drastic measure. *Dixon v. Nielsen*, No. 08-cv-01193-PAB-MEH, 2009 WL 42439, at *4 (D. Colo. Jan. 7, 2009) ("Dismissal with prejudice 'represents an extreme sanction appropriate only in cases of willful misconduct,' and should be used' as a weapon of last, rather than first, resort,' particularly in *pro se* cases.") (quoting *Ehrenhaus*, 965 F.2d at 920).

**CONCLUSION**

Accordingly, pursuant to Fed. R. Civ. P. 41(b), the Court respectfully recommends Plaintiff's claims be **dismissed with prejudice** for Plaintiff's failure to comply with court orders and the resulting failure to prosecute. In light of this, the Court also respectfully recommends Defendants' Joint Motion for Sanctions and Dismissal [filed August 22, 2022; ECF 105] be **granted** insofar as it seeks dismissal of this case.[1]

Respectfully submitted this 1st day of September, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.