IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03464-DDD-MEH

BRETT STRAUSS,

    Plaintiff,

v.

NICHOLAS STEELE, Officer, in his individual capacity, and
CHRISTOPHER YARBOROUGH, Officer, in his individual capacity,

    Defendants.

## ORDER ON MOTIONS FOR ATTORNEY'S FEES

**Michael E. Hegarty, United States Magistrate Judge**.

    The Defendants have filed separate Petitions for attorney's fees and costs. ECF 112, 114. On August 31, 2022, Plaintiff failed to show up for his deposition in my courtroom. I had vacated all my settings for that day, August 31, 2022, and the next, September 1, 2022, so that his and the Defendants' depositions could occur in my courtroom. I went on the record at 9:15 a.m. concerning Plaintiff's failure to appear. Multiple defense counsel, one Defendant (Yarborough), and the court reporter were present, anticipating the deposition. My courtroom deputy (CRD) Christopher Thompson stated into the record that he called Plaintiff that morning, the phone rang, someone picked up the call, but no voice responded. My CRD asked for Plaintiff, and again, no one responded. My CRD hung up, redialed, but the call when straight to voicemail. My CRD called again, and again it went straight to voicemail. My CRD left Plaintiff a message asking him to call chambers and provided him the information to do so. Wanting to give Plaintiff every opportunity to appear, my CRD waited approximately fifteen minutes and, called *again* at 9:01 a.m. (one

minute after the deposition was scheduled to begin). Someone picked up the call, but again, there was no response.

Plaintiff received clear and consistent instructions to appear in person for the depositions at the scheduled times. This is detailed in ECF 110, my Recommendation that this case be dismissed. On August 31, 2022, I sanctioned Plaintiff for his failure to appear and awarded Defendants their reasonable fees and costs for the deposition preparation and appearance on the record. These Petitions seek the reasonable fees incurred in preparing for and attending the aborted deposition.

Rule 37(b) of the Federal Rules of Civil Procedure permits the Court to enter sanctions against a party for failure to cooperate in discovery. In pertinent part, that rule provides:

> (A)   For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> - (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> - (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> - (iii)  striking pleadings in whole or in part;
> - (iv)   staying further proceedings until the order is obeyed;
> - (v)    dismissing the action or proceeding in whole or in part;
> - (vi)   rendering a default judgment against the disobedient party; or
> - (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . . . . .
>
> (C)   Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). In the Tenth Circuit, I look to the decision in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) to determine an appropriate sanction. An award of fees is appropriate

under both Rule 37(b)(2) and *Ehrenhaus*, and I already awarded such fees on the record. I now approve of the amounts of $2,887.90 for Defendant Yarborough and $2,812.50 for Defendant Steele.

For these reasons, the Defendants' respective Petitions for Attorney's Fees and Costs [ECF 112 and 114] are **granted.**

SO ORDERED this 30th day of September, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge